(63 Misc. Rep. 381.)

PEOPLE v. FARGO.

(Supreme Court, Special Term, New York County. May, 1909.)

1. GAME (§ 7*)—TRANSPORTATION.
    Laws 1900, p. 24, c. 20, § 8, prohibiting possession of the carcass of a deer by a carrier for transportation unless accompanied by the owner, applies to the transportation of a carcass of a deer killed and delivered to a carrier without the state.
    · [Ed. Note.—For other cases, see Game, Cent. Dig. § 7; Dec. Dig. § 7.*]

2. GAME (§ 7*)—POSSESSION BY CARRIERS.
    Laws 1900, p. 23, c. 20, § 4, amended by Laws 1906, p. 1337, c. 478, § 1, forbidding the possession of wild deer between certain dates, and making possession thereof between those dates presumptive evidence that it was unlawfully taken by the possessor, applies to carriers.
    [Ed. Note.—For other cases, see Game, Cent. Dig. § 7; Dec. Dig. § 7.*]

Action by the People against James C. Fargo, president of the American Express Company. Motion for a judgment on the pleadings. Granted.

John K. Ward, for the People.
Carter, Ledyard & Milburn, for defendant.

GILDERSLEEVE, J. This is a motion for judgment on the pleadings. The complaint sets up six causes of action against the defendant, and avers that the defendant "did in the state and county of New York unlawfully, willfully, and knowingly possess for the purpose of transportation, and did transport to a county in the state of New York, and did unlawfully, willfully and knowingly possess within the county of New York," certain deer; the said deer being unaccompanied by the owner. As to the first, second, fourth, fifth, and sixth causes of action, the defendant admits that there were delivered to it without the state for transportation into said state, deer lawfully killed without the state, and that in the course of transportation of said deer, and before the termination thereof, it, solely as a common carrier, had the custody and control of said deer within said state, and that said deer were unaccompanied by the owner thereof, and it also appears by said admission that defendant's possession was at a time when such possession was prohibited. The action is to recover the penalties for the violation of the forest, fish, and game law.

Section 4 of chapter 20, p. 23, of the Laws of 1900, as amended by Laws 1906, p. 1337, c. 478, § 1, in force at the time the alleged offenses occurred, reads as follows:

"Wild deer or venison shall not be possessed or sold from November twenty-fifth to September thirtieth, inclusive. Possession thereof from midnight of the fifteenth to the twenty-fourth of November shall be presumptive evidence that the same was unlawfully taken by the possessor."

It will be seen that by the terms of that section the possession of deer within the time named is absolutely prohibited. Common carriers are not exempted by any special provision of the game law, and it is evident that the Legislature in its efforts to protect the game in

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this state did not intend to make any exceptions as to the possession of game during the closed season. The defendant herein relies upon its construction of section 8 of the game law (Laws 1900, p. 24, c. 20), which has reference to transportation of deer; but that section is clearly intended merely to provide that deer killed in this state during the open season might be possessed and transported through the state when accompanied by the owners, the object being to permit the hunter to take from the place of killing not more than two deer.

Section 141 of the game law, added to Laws 1900, p. 22, c. 20, by Laws 1902, p. 487, c. 194, § 1, declares that:

"Whenever in this act the possession of fish or game * * * is prohibited, reference is had equally to such fish, game or flesh coming from without the state as to that taken within the state."

The cause of action in the case of People v. Bootman, 180 N. Y. 1, 72 N. E. 505, cited by the defendant, arose prior to the passage of the "Lacy Act" (Act Cong. May 25, 1900, c. 553, 31 Stat. 188 [U. S. Comp. St. 1901, p. 3181]), so-called (page 114, Game Law 1907), and therefore the provisions of that act were held not to apply to the situation in that case. The case of People ex rel. Silz v. Hesterberg, 184 N. Y. 131, 76 N. E. 1032, 3 L. R. A. (N. S.) 163, seems decisive upon the question raised in this case, and holds that the possession of grouse and plover taken without the state is unlawful, and the section relating to deer is substantially the same. That case also points out that the importation of game killed without the state is forbidden in order to prevent the killing of game within the state during the closed season. That this was contemplated by the Legislature is emphasized by a reading of the portion of section 8 of the game law in which it is declared that:

"Possession of deer or venison by a common carrier or by any person in its employ while engaged in the business of such common carrier, unaccompanied by the owner, shall constitute a violation of this section by such common carrier."

The defendant contends that the law was not intended to apply to common carriers when game was being transported by them, and also that it has reference only to deer killed within the state. This contention is disposed of by the provisions of section 5 of the Lacy act, which provides that:

"Any wild game animal transported into any state shall, upon arrival in such state, be subject to the operation and effect of the laws of such state * * * to the same extent and in the same manner as though such animals and birds had been produced in said state, and shall not be exempt therefrom by reason of being introduced therein in the original package or otherwise."

The lack of means of identifying game killed within the state from that killed without the state is the obvious reason for the provisions of the law above quoted. The construction sought to be placed upon section 8, supra, would not only practically repeal the prohibitive sections of the law referred to, but would nullify the efforts of the Legislature to protect domestic game.

As to the effect of the Lacy act, Mr. Justice Vann, in People v. Bootman, 180 N. Y. 10, 72 N. E. 508, said:

"The action of Congress has taken away all questions of interstate commerce, so that a state can act with entire freedom and can prevent the shipment of game into or out of its own territory, and, if game is imported, it can regulate or prohibit the sale thereof."

The conclusion is inevitable that under the admitted facts in this case the defendant is liable to the penalties under the counts above stated, and the motion should be granted.

Motion granted.